**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANDREA NEIL,

      Petitioner,

v.                                                                 Case No. 12-12019

MILLICENT WARREN,

      Respondent.

                                             /

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Andrea Neil has filed a *pro se* habeas corpus petition challenging her plea-based convictions for embezzlement and welfare fraud. She alleges that defense counsel frightened her into pleading guilty to the charges and that her appellate attorney was ineffective for moving to withdraw as counsel on the ground that Petitioner could not provide him with a valid legal basis for challenging her plea and sentence. The state appellate court's rejection of these claims for "lack of merit" was objectively reasonable, and the habeas petition therefore must be denied.

**I. BACKGROUND**

Petitioner initially was charged in Genesee County, Michigan with embezzlement and false pretenses. On March 8, 2010, she pleaded guilty in Genesee County Circuit Court to one count of embezzlement of $100,000 or more, Mich. Comp. Laws § 750.174(7), and one count of welfare fraud, failure to inform, Mich. Comp. Laws § 400.60(2)(b). The embezzlement conviction arose from allegations that Petitioner stole money and property from an elderly woman with dementia while she was employed as

a caregiver for the woman. The welfare-fraud conviction arose from Petitioner's failure to correctly report her income to the Genesee County Department of Human Services. As a result of her failure to properly report her income, she received benefits to which she was not entitled.

In exchange for Petitioner's guilty plea, the prosecutor dismissed the false pretenses charge and agreed not to request a consecutive sentence. The parties also agreed that restitution would be determined at a future date. There was no sentencing agreement, and, on April 27, 2010, the trial court sentenced Petitioner to imprisonment for five to twenty years for the embezzlement conviction and eleven months to four years for the welfare-fraud conviction.

The trial court appointed an attorney to assist Petitioner in post-conviction matters. The attorney, however, moved to withdraw as appointed counsel on the ground that there was no valid legal basis to challenge Petitioner's plea or sentence, either in the trial court or on appeal. The trial court granted the attorney's motion and denied Petitioner's subsequent request for appointment of another appellate attorney. Petitioner then raised her habeas claims in a *pro se* application for leave to appeal. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Neil*, No. 303817 (Mich. Ct. App. June 30, 2011). On November 21, 2011, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Neil*, 805 N.W.2d 200 (Mich. 2011) (table).

On May 4, 2012, Petitioner filed her habeas corpus petition. Respondent Millicent Warren argues through counsel that the court should deny relief because the

state appellate court's ruling on Petitioner's claims was not contrary to, or an unreasonable application of, Supreme Court precedent.

## II. STANDARD OF REVIEW

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 562 U.S. __, __, 131 S. Ct. 770, 783 (2011). Pursuant to § 2254, the court may not grant a state prisoner's application for the writ of habeas corpus unless the state court's adjudication of the prisoner's claims on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., opinion of the Court for Part II).

"[A] federal habeas court may not issue the writ simply because that court

3

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)." *Renico v. Lett*, 559 U.S. 766, 773 (2010). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

### III.  ANALYSIS

#### A.  The Guilty Plea

Petitioner alleges that she is entitled to withdraw her guilty plea because her trial attorney "frightened" her into pleading guilty. Petitioner asserts that she wanted to go to trial to prove her innocence, but defense counsel advised her to plead guilty to avoid losing her home and children and having her co-defendant husband incarcerated for twenty years. Petitioner claims that this was incorrect advice and that defense counsel also incorrectly informed her that no one would attempt to take her money if she pleaded guilty. She claims that, despite what defense counsel told her, she was

4

assessed victim restitution.

### 1.  Clearly Established Federal Law

"A guilty or no-contest plea involves a waiver of many substantial constitutional rights . . . ." *Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)).  Consequently, a guilty plea must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences."  *Brady v. United States*, 397 U.S. 742, 748 (1970).  The defendant must appreciate the consequences of her waiver of constitutional rights, waive her rights without being coerced to do so, and understand the rights that she is surrendering by pleading guilty.  *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (citing *Brady v. United States*, 397 U.S. at 748-50, and *Fautenberry v. Mitchell*, 515 F.3d at 636-37).  Courts must consider all the relevant circumstances when determining whether a plea was voluntary.  *Brady v. United States*, 397 U.S. at 749.  A person who offers a guilty plea that is accepted by the court has no right to withdraw it.  *United States v. Martin*, 668 F.3d 787, 794 (6th Cir. 2012).  A person seeking to withdraw a guilty plea must show "a fair and just reason" for doing so.  Rule 11(d)(2)(B); *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006).

### 2.  Application

Petitioner now maintains that her plea was involuntary because defense counsel coerced or "frightened" her into pleading guilty.  But at the plea proceeding on March 8, 2010, at which Petitioner was providing her answers under oath, she maintained otherwise.  The trial court informed Petitioner of her constitutional right to a trial and her right to tell her attorney to "get ready for trial and do a good job for her." [Doc # 7-3, Pg

ID 201,202] The trial court also informed Petitioner of the maximum penalties for her crimes, including large fines and lengthy imprisonment. The court assured Petitioner that she did not have to plead guilty and that she could "fire her attorney" and have the court appoint someone else to finish her case. *Id.*

Petitioner declined the invitation to "fire" her attorney or to go to trial. She stated that she had talked to her attorney about strategies and possible sentences, that she understood everything her attorney told her, that she understood the constitutional rights that she was waiving, and that she had no questions about her rights. Petitioner also claimed to understand the implications of pleading guilty. Significantly, Petitioner stated that it was her choice to plead guilty and that she was pleading guilty freely and voluntarily. She said that no one had promised her anything, other than what was stated on the record, to induce her plea and that no one had threatened her, bullied her, or forced her into pleading guilty. Her attorney also assured the trial court that there were no other promises, threats, or inducements to cause Petitioner to plead guilty, other than what was stated on the record.

Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Her present claim that her attorney "frightened" her into pleading guilty amounts to little more than a retrospective claim about her state of mind and her internal reaction to her attorney's advice about the advantages she might gain by a truthful plea. It is, in reality, a contemporary reinterpretation of that advice, and does not stand as an accusation of misconduct by her attorney. It is not a valid basis for finding that her plea was involuntary. As the Supreme Court explained in *North Carolina v. Alford*, 400 U.S. 25 (1970), "[t]hat [s]he

6

would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." *Id.* at 31; *see also Brady v. United States*, 397 U.S. at 751 (declining to hold "that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged").

The record shows without equivocation that Petitioner understood the consequences of her plea, that she waived her rights without being coerced to do so, and that she understood the rights she was surrendering. Her plea was voluntary and lawfully induced, and she has no right to relief on the basis of her claim that her attorney "frightened" her into pleading guilty.

The court denies relief on Petitioner's first claim.

### B. Appellate Counsel

In her only other claim, Petitioner alleges that her appellate attorney deprived her of effective assistance when the attorney moved to withdraw as appointed counsel on the basis that Petitioner failed to provide him with a valid legal basis on which to challenge Petitioner's plea or sentence. Petitioner states that she is not educated in the law, and, as a result of her appellate attorney's decision to withdraw as counsel, she was forced to file a *pro se* application for leave to appeal.

In *Anders v. California,* 386 U.S. 738 (1967), the Supreme Court

> held that a motion to withdraw must be accompanied by "a brief referring to anything in the record that might arguably support the appeal." 386 U.S., at 744, 87 S.Ct., at 1400. That requirement was designed to provide the appellate courts with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability. The *Anders* requirement assures that indigent defendants have the benefit of what wealthy defendants are able to acquire by purchase—a diligent and thorough review of the record and an identification of any arguable issues revealed by that review. Thus, the *Anders* brief assists the court in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.

*McCoy v. Court of Appeals of Wisconsin, Dist. 1,* 486 U.S. 429, 439 (1988) (internal and end footnotes omitted). In *Smith v. Robbins,* 528 U.S. 259 (2000), the Supreme Court stated that,

> the proper standard for evaluating [a criminal defendant's] claim that appellate counsel was ineffective in neglecting to file a merits brief is that enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See *Smith v. Murray*, 477 U.S. 527, 535–536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (applying *Strickland* to claim of attorney error on appeal). [The defendant] must first show that h[er] counsel was objectively unreasonable, see *Strickland*, 466 U.S., at 687–691, 104 S.Ct. 2052, in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them. If [the defendant] succeeds in such a showing, [s]he then has the burden of demonstrating prejudice. That is, [s]he must show a reasonable probability that, but for h[er] counsel's unreasonable failure to file a merits brief, [s]he would have prevailed on h[er] appeal. See *id.*, at 694, 104 S.Ct. 2052 (defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

*Id.* at 285-286.

Petitioner's claim that her guilty plea was coerced lacks merit, and she has not alleged any additional claims that her attorney could have raised on appeal. Furthermore, the record indicates that appellate counsel reviewed the record and documentation in this case and then visited Petitioner in prison. Counsel determined

"after extensive review" that there was no valid legal basis on which to challenge either the plea or sentence. Petitioner also was unable to provide him with a valid legal basis on which challenge her plea or sentence. Although she asked him to review the scoring of the sentencing guidelines, she did not respond to his letter in which he conveyed the results to Petitioner. He concluded that Petitioner had no objection to his motion to vacate the order of appointment as appellate counsel.

Petitioner has failed to show that her appellate attorney unreasonably failed to discover nonfrivolous issues and unreasonably failed to file a merits brief raising nonfrivolous issues. She also has failed to demonstrate a reasonable probability that, but for her attorney's allegedly unreasonable failure to file a merits brief, she would have prevailed on appeal.

The court will deny relief on Petitioner's second and final claim.

### IV. CERTIFICATE OF APPEALABILITY

Petitioner may not appeal the denial of this court's decision denying her habeas petition unless a district or circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When, as here, "a district court

9

has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484.

Reasonable jurists would not find the court's assessment of Petitioner's constitutional claims debatable or wrong, nor conclude that the issues are adequate to deserve encouragement to proceed further. The court therefore declines to grant a certificate of appealability.

### IV.  CONCLUSION

Petitioner's claims lack merit, and the state appellate court's rejection of the claims was not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable application of the facts. Habeas relief, therefore, is not warranted.

IT IS ORDERED that the petition for a writ of habeas corpus is DENIED.

Because reasonable jurists would not disagree with the court's conclusions,

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated:  March 24, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 24, 2014, by electronic and/or ordinary mail.

                                            s/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522